## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SALMAN PODDUBNOV,

                              Petitioner,

        v.

FERETI SEMAIA, et al.,

                              Respondents.

Case No. 5:26-cv-01175-MRA-DTB

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION**

This habeas action was brought by Petitioner Salman Poddubnov, a noncitizen who was released by Immigration and Customs Enforcement ("ICE") on an Order of Supervision ("OSUP") in November 2020, then re-detained by ICE on March 6, 2026. On March 23, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 11. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Motion for a Temporary Restraining Order. ECF 11. The TRO required Fereti Semaia, Warden of Dessert View Annex; Ernesto Santacruz, Jr., Acting ICE Field Office Director; Todd Lyons, Acting Director of ICE; Kristi Noem, former Secretary of the United States Department of Homeland Security; and Pamela Bondi, former Attorney General of the United States (collectively, "Respondents" or the

-1-

"government") to immediately release Petitioner pursuant to the terms of his preexisting OSUP and enjoined Respondents from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP. *Id.* at 15. The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents filed their Response on March 30, 2026, arguing that the preliminary injunction should be denied and the Petition should be dismissed as moot because Petitioner was released on March 24, 2026. ECF 12. Petitioner filed a Reply on April 2, 2026, arguing that the request for a preliminary injunction is not moot because Petitioner continues to face the threat of unlawful detention in the absence of any government assurance that it will not attempt to re-detain Petitioner without due process. ECF 13. Petitioner also requests the Court order Respondents to remove the travel restriction on Petitioner's new OSUP, which restricts his travel to a range of 75 miles. *Id.* at 6-7.

## II.    DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). For the reasons stated in the TRO, the Court finds that Petitioner is entitled to preliminary relief. ECF 11; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The government's response to the Order to Show Cause does not present any new arguments or facts not previously addressed in the TRO filings. Instead, the government contends that the Petition is moot only because Petitioner has been released as ordered by the Court. ECF 12 at 2. The Court disagrees. A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur."

*Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at *2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

Petitioner requests the Court remove the travel restriction imposed pursuant to his newly issued OSUP.  ECF 13 at 6-7.  Petitioner's preexisting OSUP included a similar travel restriction which prohibited Petitioner from traveling outside Los Angeles, California for more than 48 hours without previously notifying ICE.  *See* ECF 4-3.  Petitioner fails to provide any legal basis for his request that the travel restriction be stricken.  Moreover, the Court cannot presently consider this argument because Petitioner raises this argument for the first time in the Reply.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  The Court also notes that the government possesses statutory authority to set Petitioner's supervision regulations pursuant to 8 U.S.C. § 1231(a)(3).  *See also* 8 C.F.R. § 241.5 ("The Commissioner, Deputy Commissioner, Executive Associate Commissioner Field Operations, regional director, district direct, acting district director, deputy district director, assistant district director for investigations, assistant direct director for detention and deportation, or officer-in-charge may issue Form I-220B, Order of Supervision.").

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP; and

-3-

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE